UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RYDER WINEGAR, ) | |
| ) | |
| Petitioner, ) | Civil Action No. |
| ) | 22-11632-FDS |
| v. ) | |
| ) | |
| AMY BONCHER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS**
**PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

**SAYLOR, C.J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by an individual in federal custody at Federal Medical Center (FMC) Devens in Ayer, Massachusetts. Petitioner Ryder Winegar alleges that his continued custody at Devens violates provisions of the First Step Act (FSA), 18 U.S.C. §§ 3631-35, and the Second Chance Act, 18 U.S.C. § 3624. Specifically, he alleges that the Federal Bureau of Prisons (BOP) failed to "prospectively" apply earned time credits for participation in recidivism reduction programming, and therefore failed to consider him for the residential re-entry center (RRC) placement program at the appropriate date.

Respondent Amy Boncher, Warden of FMC Devens, has moved to dismiss the petition. For the reasons set forth below, the motion will be granted in part and denied in part.

**I.    Background**

    **A.    Factual Background**

In December 2021, the United States District Court for the District of New Hampshire sentenced Winegar to a term of 33 months imprisonment, to be followed by three years of

supervised release, for threats against members of Congress in violation of 18 U.S.C. § 115(a)(1)(B) and interstate threatening communications in violation of 18 U.S.C. § 875(c). *United States v. Winegar*, No. 21-cr-00021 (D.N.H. 2021).  Winegar arrived in BOP custody in January 2022, at which time prison officials calculated his projected release date to be May 17, 2023.  (Pet'r Mem. at 8; Pet. Ex. D).  Prison officials determined that he was at low risk of recidivism.  (Pet'r Mem. at 9; Pet. Ex. B).

Petitioner has earned FSA time credits for his participation in recidivism-reduction programming while at FMC Devens.  (Pet'r Mem. at 8-9; Pet. Ex. C).

In July 2022, Winegar was informed that prison officials had applied only 30 days of time credits to his sentence under 18 U.S.C. § 3624(g)(3).  (Pet'r Mem. at 9; Pet. Ex. D).  Winegar reported to prison staff that he had earned 90 days of time credits for participation in programming through July.  (Pet'r Mem. at 9).  Based upon the alleged time earned and an additional 90 days that he expected to earn by December 2022, he requested that the prison consider him for RRC placement on September 17, 2022, pursuant to 18 U.S.C. § 3624(c)(1)-(2). (Pet'r Mem. at 10).  When the prison declined to apply his time credits as requested, he filed a grievance.  (*Id.* at 10; Pet. Ex. A).  He then appealed this decision within the prison system. (Pet. Exs. A, E).  He alleges that he did not receive a timely response from prison officials. (Pet'r Mem. at 6, 10-11).

      B.    **<u>Procedural Background</u>**

On October 3, 2022, Winegar filed a petition for a writ of habeas corpus, alleging that "[p]rison officials have failed to prospectively apply Petitioner's earned time credits as Congress intended, have wrongly interpreted the FSA, and have therefore failed to properly consider Petitioner for RRC placement as Congress intended."  (Pet. at 7).

Boncher filed a motion to dismiss the petition for failure to state a claim on October 27, 2022.

## II.     Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir.2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.    Analysis

The Second Chance Act provides that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1).  If BOP determines that the prisoner is eligible, it can place him in either "home confinement" or a "residential reentry center." *Id.* § 3624(g)(2)(A), (B).  Moreover, under the First Step Act, an eligible prisoner "who successfully completes evidence-based recidivism

reduction programming or productive activities, shall earn time credits" at a rate of 10 days for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A). Prisoners determined to be at minimum or low risk of recidivism "shall earn an additional 5 days of time credits for every 30 days of successful participation." *Id.* § 3632(d)(4)(A)(ii). If those credits would reduce an inmate's prison term to the point that he would qualify for prerelease custody or supervised release, the FSA directs BOP to "transfer eligible prisoners . . . into prerelease custody or supervised release." *Id.* § 3632(d)(4)(C).

Petitioner alleges that "he is entitled to approximately 5 months earned FSA time credits" that BOP officials have failed to apply to his sentence, and that his release date should be calculated at December 17, 2022. (Pet'r Mem. at 12).[1] He also contends that "had prison officials properly applied [his] earned FSA time credits under 18 U.S.C. § 3624 to date," he would be within the last ten percent of his prison term, and should have been considered for placement in an RRC by September 17, 2022. (*Id.* at 12-13, 16).[2]

Respondent interprets petitioner's argument to be that BOP violated the FSA by declining to "prospectively" award time credits for future participation in programming, and for failing to consider his placement in an RRC based upon such future credits. To the extent that this is petitioner's argument, the plain text of the FSA clearly permits earned time credits only for past—and not future—participation in recidivism reduction programming. The FSA provides

---

[1] It is unclear whether this release date is calculated solely based upon time that petitioner alleges he has earned but was not credited for, or whether it also includes anticipated credits for future participation.

[2] Petitioner relies on the following for the 10 percent figure:

> The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

that an eligible prisoner "who successfully *completes* evidence-based recidivism reduction programming or productive activities, *shall earn* time credits" as allowed under the statute. 18 U.S.C. § 3632(d)(4)(A) (emphasis added). That language, which is both prospective and conditional, makes clear that a prisoner cannot earn time credits until *after* the required programming has been completed. Nothing else in the statute allows the prison officials to award time credits before successful completion.

Furthermore, to allow the awarding of credits prospectively would frustrate one of the purposes of the FSA, which is to "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs . . . ." 18 U.S.C. § 3632(d). Awarding projected time credits based upon the remainder of a prison term before an inmate has participated in—never mind successfully completed—such programming would render time credits ineffective as an incentive and reward-based system. And because time credits cannot be awarded for future participation, consideration for placement in an RRC should not be made upon a sentence that incorporates such future credits.

Accordingly, the motion to dismiss will be granted to the extent that petitioner argues he should be awarded credits for future participation in programming, and that the prison should have considered him for placement in an RRC at an earlier date based upon unearned credits.

Notwithstanding the language in the petition seeking the "prospective" application of credits, however, petitioner's complaint to BOP staff, regional administrative remedy appeal, and central office administrative remedy appeal all allege that he failed to receive credit for past programming already completed.[3] Respondent did not fully brief this issue in its motion to

---

[3] *See* Pet. Ex. A, Informal Resolution of Complaint and Request for Administrative Remedy (July 2022) ("I have not received FSA time credits for the months of April, May, June or July 2022 despite continuously participating in programming."); Ex. A, Regional Administrative Remedy Appeal (Aug. 2022) ("I am requesting to have FSA time credits for the months of April, May, June, July, and August 2022 applied to my sentence."); Ex. E,

dismiss.  It appears that the parties dispute whether time was earned and properly applied to petitioner's sentence for the months of January 2022 and May through October 2022.  BOP asserts that he only began earning credits in February because he was held in quarantine upon arrival, and that he did not earn time credits from May to October 2022 "because he refused participation in the recommended [programming]."  (Bourke Decl. ¶ 12).  Petitioner contends that he immediately began participating in programming upon arrival at FMC Devens and should have received credit beginning in January.  (Pet'r Mem. at 8).  In his reply memorandum, petitioner also states that he was notified on October 14, 2022, that the prison's recordkeeping system had inaccurately recorded his non-participation in recommended programming since May 2022.  (Pet'r Reply at 1-3).  BOP has apparently since corrected the error, reflecting the completion of the program.[4]

The Court will therefore allow both parties additional time to brief the Court on the issue of whether BOP failed to apply earned credits to petitioner's sentence for programming he completed between January 2022 and the present, and whether BOP has failed to properly consider petitioner for placement in a residential re-entry center or home confinement at the appropriate date based upon his earned time.

## IV.     Conclusion

For the foregoing reasons, respondent's motion to dismiss is GRANTED to the extent that petitioner alleges that his confinement is unlawful due to the failure of BOP to prospectively

---

Central Office Administrative Remedy Appeal (Sept. 2022) ("I am challenging both the FMC Devens and Regional Director's inadequate response to my complaint that prison officials have failed to properly apply my FSA credits from January 2022 to the present.").

[4] The Court notes that on November 29, 2022, petitioner filed a document that he captioned as a "Notice of Liability for Deprivation of Liberty Without Due Process of Law in Violation of the Fifth Amendment of the U.S. Constitution."  In an attachment to that document, he alleges that he has earned a total of 150 days of FSA time credits from January 24, 2022, to November 24, 2022, only 30 of which have been applied by BOP.  Based on that, petitioner contends that his release date should be adjusted to December 19, 2022.

apply FSA credits to his sentence for programming he has not yet completed.  The Court reserves judgment on the issue of whether BOP failed to apply earned credits to petitioner's sentence for programming he completed between January 2022 and the present, and whether BOP has failed to properly consider petitioner for placement in a residential re-entry center or home confinement at the appropriate date based upon his earned time.  Petitioner Ryder Winegar shall file a supplemental memorandum as soon as practicable addressing this issue, given his own projection of his release date.  Respondent shall file a supplemental memorandum no later than 7 days after the filing of petitioner's supplemental memorandum.

**So Ordered.**

Dated: December 1, 2022

*F. Dennis Saylor IV*
F. Dennis Saylor IV
Chief Judge, United States District Court