UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYDER WINEGAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 22-11632-FDS |
| ) | |
| AMY BONCHER, ) | |
| ) | |
| Respondent. ) | |

### ORDER OF DISMISSAL

**SAYLOR, C.J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by an individual in federal custody. At the time of the filing, petitioner Ryder Winegar was in custody at Federal Medical Center-Devens in Ayer, Massachusetts. Winegar alleged that his continued custody at Devens violated provisions of the First Step Act ("FSA"), 18 U.S.C. §§ 3631-35, and the Second Chance Act, 18 U.S.C. § 3624. Specifically, he alleged that the Federal Bureau of Prisons ("BOP") did not apply earned-time credits for participation in recidivism-reduction programming, and therefore failed to consider him for release to a reentry facility on the appropriate date. On January 13, 2023, pursuant to the Court's order, petitioner was released from detention. He is now serving a term of supervised release. Because petitioner's release from incarceration renders the petition moot, it will be dismissed.

**I.    Legal Standard**

"The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.'" *American Civ. Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013)

(quoting *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003)).  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *D.H.L. Assocs. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir. 1999)).  "A party can have no legally cognizable interest in the outcome of a case if the court is not capable of providing any relief which will redress the alleged injury." *Gulf of Maine Fisherman's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002).

## II.     Analysis

Although "an individual serving a supervised release term satisfies the 'in custody' requirement," for a habeas petition under 28 U.S.C. § 2241, the petition "must still target conditions that will have a contemporaneous or prospective impact on one's sentence." *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015).  Here, even if petitioner's earned-time credits were miscalculated, the BOP could only have ever applied them to the time period prior to his transfer to supervised release; they cannot now be applied to shorten that imposed term.  *See Gelagotis v. Boncher*, 2023 WL 6377874, at *4 (D. Mass. Sept. 29, 2023); *Atwood v. FCI Berlin Warden*, 2023 WL 2308531, at *1 (D.N.H. Jan. 19, 2023), *adopted*, 2023 WL 2302863 (D.N.H. Mar. 1, 2023); *Gonzalez v. Pierre-Mike*, 2023 WL 5984522, at *4-5 (D. Mass. Sept. 14, 2023) (citing cases deciding whether earned-time credits could be applied to terms of supervised release).  This court equally cannot retroactively apply any credits to shorten the term of supervise release.  *Francis*, 798 F.3d at 38-39 (discussing *United States v. Johnson*, 529 U.S. 53, 55-59 (2000)).

Accordingly, because this court cannot grant petitioner's requested relief, his petition is moot and must be dismissed.

## III.  Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus as to Ryder Winegar is hereby DISMISSED as moot.

**So Ordered.**

Dated:  October 30, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court